**EXHIBIT B**

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## General Civil and Domestic Relations Case Filing Information Form

☑ Superior or ☐ State Court of _Dekalb_ – _____ County

18CV5627

| For Clerk Use Only | |
|---|---|
| Date Filed _____ | Case Number _____ |
| MM-DD-YYYY | |

**Plaintiff(s)**
Bernstein, Steven W
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Defendant(s)**
Finley, Linda
Last      First      Middle I.      Suffix      Prefix

Roberts, Donelson, Et al
Last      First      Middle I.      Suffix      Prefix

McCalla Raymer, et al
Last      First      Middle I.      Suffix      Prefix

Last      First      Middle I.      Suffix      Prefix

**Plaintiff's Attorney** _Pro-Se_     **Bar Number** _____     **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☑ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☑ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number          Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Steven W. Bernstein                     Case No.:      18CV5627

_____

_____

Plaintiff

VS

Linda Finley,

Baker Donelson, et al

McCalla, Raymer et al

Defendant

# SUMMONS

## TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said court at
https://efilega.tylerhost.net/ofsweb and serve upon the Plaintiff's attorney, whose name, address and email is:

Steven Bernstein
1428 Valley View Rd          Sbern2004at X dbar. com
Dunwoody, Ga 30338

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons
upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.

This ____25th____ day of ____May____, 20__18__.

Honorable Debra DeBerry
Clerk of Superior Court

By___/s/ Jazmen Booker_____
Deputy Clerk

E-Filing and E-Service

Pursuant to the Superior Court of DeKalb County's E-File Order, dated December 27, 2016, and available at www.dksuperiorclerk.com/civil, the
parties must file all documents electronically through eFileGA unless expressly exempted under the Rule. All orders and notices from the Court will
be electronically filed and served through eFileGA. The parties must register for an eFileGA account, link their service contact information with the
case and the party represent, and take whatever steps are necessary to ensure that correspondence from eFileGA reaches the parties' inboxes. To
access eFileGA, please go to http://www.odysseyefilega.com/

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

**IN THE SUPERIOR COURT OF DEKALB COUNTY**
**STATE OF GEORGIA**

Steven W. Bernstein

Case No.:     18CV5627

_____

_____

**VS**

Finley, Linda

Baker, Donelson, et al

McCallen Raymon, et al

## ELECTRONIC SERVICE / NOTICE WAIVER CERTIFICATION

The Undersigned Plaintiff/ Defendant hereby requests a waiver from participating in E-Service and E-Notice pursuant to the Superior Court's December 27, 2016 E-file Standing Order because I certify that do not have an email address and/or access to a computer.

SWORN TO AND SUBSCRIBED BEFORE ME
THIS 25 DAY OF __May__, 2018.

_____
Notary Public
My commission expires: 2/18/20

OFFICIAL SEAL
L. DEAS
Notary Public, Georgia
GWINNETT COUNTY
My Commission Expires
February 18, 2020

_____
Signature

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Steven W. Bernstein

Case No.: 18CV5627

VS

Finley, Linda
Baker, Donaldson, et al
McCalla, Raymer, et al

## ORDER GRANTING RELIEF FROM ELECTRONIC SERVICE/ NOTICE

After a review of the foregoing request, this Court hereby grants the Motion to Relieve said Movant from participating with E-Service/ E-Notice in DeKalb County Superior Court.

SO ORDERED this 25th day of May, 20 18.

_____
Judge

Jack M. McLaughlin
Senior Judge
State of Georgia
By Designation

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Steven W. Bernstein _____    Case No.: _____18CV5627_____

_____

_____

**VS**

Finley, Linda _____

Baker, Donaldson, et al

McCalla, Raymer, et al

## ORDER GRANTING RELIEF FROM ELECTRONIC SERVICE/ NOTICE

After a review of the foregoing request, this Court hereby grants the Motion to Relieve said Movant from participating with E-Service/ E-Notice in DeKalb County Superior Court.

SO ORDERED this 25th day of May, 20 18.

_____
Judge

Jack M. McLaughlin
Senior Judge
State of Georgia
By Designation

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
### State of Georgia

| | |
|---|---|
| Steven W. Bernstein, | |
| Plaintiff | CIVIL ACTION |
| vs. | |
| Linda Findley (individually and in her professional capacities), | NO. 18CV5627 |
| Baker, Donelson, Beaman, Caldwell & Berkowitz, A Professional Corporation | |
| Wells Fargo Bank, N.A, | AND REQUEST FOR ADR |
| McCalla Raymer Leibert Pierce, LLC | (Mediation) |
| Defendants | |

---

## VERIFIED COMPLAINT

---

COMES NOW, disabled[1] and elderly Plaintiff, Steven W. Bernstein, ("Plaintiff" or "Mr. Bernstein"), and respectfully files his *Verified Complaint* and shows the following:

---

[1] In 2015, Mr. Bernstein was diagnosed with Multiple Systems Atrophy ("MSA"), and he is currently awaiting his 6th heart surgery.

According to Mayo Clinic:   https://www.mayoclinic.org/diseases-conditions/multiple-system-atrophy/symptoms-causes/syc-20356153, "Multiple system atrophy (MSA) is a rare, degenerative neurological disorder affecting your body's involuntary (autonomic) functions, including blood pressure, breathing, bladder function and muscle control".

"Formerly called Shy-Drager syndrome, MSA shares many Parkinson's disease-like symptoms, such as slow movement, rigid muscles and poor balance".

"Treatment includes medications and lifestyle changes to help manage symptoms, but there is no cure. The condition progresses gradually and eventually leads "to death".

"Multiple system atrophy (MSA) affects many parts of your body. Symptoms typically develop in adulthood, usually in the 50s or 60s".

I.                           BRIEF INTRODUCTION

Defendants in this matter, have stepped beyond their respective rights and abilities and caused Plaintiff serious harm and injury resulting in liability for damages to the Plaintiff.

The entities named herein, have, in the past, currently are, and in the future will be guilty of violating Georgia Real Property Laws, and have ignored and failed to timely and properly respond to *Notice of Error and Debt Validation Requests ("NEDVR")*, as well as *Qualified Written Requests ("QWR's)*, and have committed fraud upon the Courts in this state to obtain rulings in their favor.

Defendant, Wells Fargo & Company, parent company to Wells Fargo Bank, N.A., and Wells Fargo Home Mortgage, is responsible for their banks and lenders. Defendants Linda Findley and Baker Donelson have an obligation to treat Mr. Bernstein fairly and with good faith, which they have refused to do.

Wells Fargo plans to foreclose and exercise the Power of Sale on June 05, 2018, regardless of the fact Mr. Bernstein rescinded the loan within a year of the loan closing. Mr. Bernstein took all of the required steps to ensure rescission. Wells Fargo refused to accept rescission. Mr. Bernstein performed a second rescission before three years after closing. Mr. Bernstein has qualified and been approved for a reverse mortgage, four different time, but Wells Fargo has maliciously refused to co-operate and refused to by provide a complete and proper payoff.

Wells Fargo, has now decided that they will foreclose and exercise the Power of Sale alleged to be part of Mr. Bernstein's loan contract. Wells Fargo and their foreclosure execution team have scheduled a foreclosure and auction for June 05, 2018.

2

II.                      JURISDICTION AND VENUE

1.      Jurisdiction is proper in DeKalb County Superior Court, pursuant to Ga. Const. 1983, Art. VI, § IV, 11. "The superior courts ... shall have exclusive jurisdiction ... in cases respecting title to land, *Setlock v. Setlock,* 286 Ga. 384, 688 SE2d 346 (2010); in divorce cases; and in equity cases".

2.      The judges of the superior courts have authority to grant for their respective circuits writs of certiorari, supersedeas, quo warranto, mandamus, habeas corpus, and bail in actions *ex delicto* (O.C.G.A. § 15-6-9(1); writs of injunction, prohibition, and *ne exeat* (O.C.G.A. § 15-6-9(3))[2], as well as to entertain bills *quia timet* (O.C.G.A. § 15-6-9(2)); Superior Courts correct errors made by lower courts on appeal and have jurisdiction to grant equitable relief.

3.      Venue is proper in this Court, as the subject of this complaint is real property and title thereto; the property is located within DeKalb County.

III.                     THE PARTIES

4.      Plaintiff, Steven W. Bernstein, at all times relevant, has owned and resided at 1428 Valley View Rd., Dunwoody, Ga. 30338, in DeKalb County.

5.      **Defendant Linda Finley (individually and in her professional capacity)** ("Finley"), during all times relevant, has been an attorney and partner with the law firm of Baker Donelson Bearman Caldwell & Berkowitz, PC, located at **3414 Peachtree Road, N.E. Suite 1600, Atlanta, GA  30326 in Fulton County,** where service of process can be perfected upon her.

6.      **Defendant Baker, Donelson, Beaman, Caldwell & Berkowitz, A Professional Corporation** ("Baker Donelson"), during all times relevant, has been a Foreign Profit

---

[2] See *Fuller v. Williams*, 150 Ga. App. 730, 258 S.E.2d 538 (1979), judgment rev'd, 244 Ga. 846, 262 S.E.2d 135 (1979); s.c., 153 Ga.App. 282, 266 S.E.2d 806 (1980).

3

Corporation, formed and existing under the laws of Tennessee, with their principal Office Address located at 165 Madison Ave., 20h Floor, Memphis, TN 38103. Service of Process will be perfected upon this defendant, through their **Registered Agent: Linda A. Klein, Peachtree Road, Suite 1600, Atlanta, GA 30326 in Fulton County.**

7.     **Defendant Wells Fargo Bank, N.A.** ("Wells Fargo"), during all times relevant, has been a foreign profit corporation, formed and existing under the laws of California, with their Principal Office Address at 464 California Street, San Francisco, CA 94104. Wells Fargo is the main operating subsidiary of the holding company Wells Fargo & Company. Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. and is a licensed mortgage lender. Wells Fargo offers and provides real-estate-settlement services to consumers primarily for personal, family, and household purposes, including but not limited to the origination of federally related mortgage loans by the taking of loan application loan processing, and the underwriting and funding of loans see CFPA, 12 U.S.C. § 2602(3). Wells Fargo is there a "covered person" under the CFPA. 12 U.S.C. § 5481(6), (15)(A)(iii). Wells Fargo is also a "merchant" under CPA § 13-101(g) because it offers or makes consumer credit available to consumers. Service of Process will be perfected, by service upon their Registered Agent: **Corporation Service Company, 40 Technology Parkway, South, Suite 300, Norcross, GA 30092, in Gwinnett County.**

8.     **Defendant McCalla Raymer Leibert Pierce, LLC** ("McCalla") during all times relevant has been a Domestic Limited Liability Company and an agent of Wells Fargo, and the entity carrying out the foreclosure on the property; service of process will be perfected upon McCalla by serving Summons and Complaint upon their **Registered Agent: Marty Stone,. 1544 Old Alabama Road, Roswell, GA 30076, Fulton County.**

9.     The Defendants, and each of them, were the agents, employees, representatives, partners, officers, principals and/or joint venturers of each of the remaining defendants, and in doing the things hereinafter alleged, were acting within the scope, course and

4

purpose of such agency, employment or position, or within the apparent scope, course and purpose of such agency, employment or position and with permission and consent of each of the remaining defendants. [3]

IV.    STATEMENT OF FACTS RELEVANT TO ALL CLAIMS FOR RELIEF

10.    Mr. Bernstein, purchased the property commonly known as 1428 Valley View Rd., Dunwoody, GA in DeKalb County, for his primary residence, and which is more thoroughly described as:

> All that tract or parcel of land lying and being in Land Lot 363 of the 18th District, DeKalb County, Georgia, being Lot 1 and part of Lot 19, Valley View Subdivision, which tract is more particularly described as follows: Beginning at an iron pin set on the northerly right of way of Valley View Road, (60 foot right of way), which iron pin is located 1136.63 along said right of way from its intersection with the southerly right of way of Chamblee Dunwoody Road from said point of beginning as thus established, thence running south along the northerly right of Valley View Road and along there arc of a curve a distance of 54.79 feet which arc has a radius of 161.00 feet, thence continuing along said right of way south 89 degrees 21 minutes 51 seconds west a distance of 51.09 feet, thence leaving the northerly right of way of Valley View Road and running north 23 degrees 49 minutes 19 seconds west a distance of 208.49 feet to an iron pin set, thence running north 38 degrees 28 minutes 28 seconds east a distance of 67.40 feet to an iron pin found, thence running south 42 degrees 59 minutes 48 seconds east a distance of 122.78 feet to an iron pin set; thence running south 23 degrees 49 minutes 19 seconds east a distance of 156.65 feet to an iron pin set is also the point of beginning and all as depicted on that plat of survey for Steven W. Bernstein and Dorothy E. Groselle, by Solar Land Surveying Company, dated June 7, 1994.

11.    Mr. Bernstein has attached the Warranty Deed hereto as **_EXHIBIT A_**.

---

[3] Whenever, appearing in this complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all Defendants hereto, and to each of them unless said reference is specifically qualified.

12.     During the 23 years that Mr. Bernstein has owned the property, he paid a down payment of $222,265.00 at the time of purchase, and has since paid over $391,104.00 in interest towards his mortgage.

13.     On or about November 2, 2007, Plaintiff refinanced his loan, which he rescinded twenty-eighty months later by operation of law.

14.     The refinance is evidenced by the Promissory Note and Security Deed executed by Mr. Bernstein in favor of Terrace Mortgage Company ("TMC")[4].

15.     The Security Instrument was recorded at Deed Book 20463, Page 289 in the DeKalb County Georgia Records, and is attached hereto as *EXHIBIT B*.

16.     At the time the home was built for Mr. Bernstein, there was a survey, which Mr. Bernstein has attached as *EXHIBIT C*.

17.     Contemporaneously with the filing of this Verified Complaint, Mr. Bernstein also caused to be recorded into the DeKalb County Georgia Records, a Lis Pendens, see *EXHIBIT D*.

18.     On March 04, 2010, Wells Fargo sent Mr. Bernstein a letter acknowledging the rescission, but did not file suit, or send a check for the closing costs and twenty-eight months of interest Mr. Bernstein had paid.

19.     Shortly thereafter, Wells Fargo initiated foreclosure; A hearing on Mr. Bernstein's Temporary Restraining Order was scheduled In DeKalb County Superior Court for March 10, 2010 there

20.     Mr. Bernstein received a letter from Linda Finley, Esq.[5] informing Mr. Bernstein

---

[4] 20.  The Promissory Note signed by Mr. Bernstein, and in favor of TMC, was a "consumer credit transaction" within the meaning of, and subject to the Truth in Lending Act ("TILA").

[5] Linda Finley is an attorney at Baker Donelson.

6

that she had a conflict and would be unable to appear in court until 10:00 am; Mr. Bernstein and his attorney Dale Calomeni appeared at the Court at 09:50 am.

21.     Mr, Bernstein and Calomeni were informed that Linda Finley had appeared at 09:10 am and had the case transferred to Gwinnett County, even though Mr. Bernstein lived in DeKalb County. Due to circumstances brought on by Finley's transfer of his case, Mr. Bernstein ended up being forced to file bankruptcy in order to stop the sale of his property.

22.     Because of Finley's transfer to Gwinnett County, the case ended up being transferred to US District Court for the Northern District of Georgia, Atlanta Division, where it sat in front of Judge Story for almost three (3) years.

23.     Linda Finley had Wells Fargo attempt to foreclose of Mr. Bernstein's property every couple of months, from which Mr. Bernstein was forced to file Bankruptcy two additional times.

### A.     *Failure to Comply With Notice of Error, Debt Validation, and Requests for Full Payoff Amounts, and Issues of Breaks in the Chain of Title*

24.     Mr. Bernstein's last attempt to obtain information, was on or around, April 23, 2018, when he sent a *Notice of Error/Debt Validation/Request for Information* ("NEDVR") to Wells Fargo *EXHIBIT E.*

25.     The NEDVR further specifically requested, pursuant to 15 U.S.C. §1641(f)(2) of TILA the full name, address and telephone number of the current owner of the original mortgage note, and informed Wells Fargo that the request is also a Request for Information pursuant to 12 C.F.R. §1024.26(d)(2)(i)(A), and that they must acknowledge the request within five (5) days; and respond within ten (10) business days after receiving the request.

26.     Wells Fargo has failed and refused to timely comply.

27.     Mr. Bernstein's attempts to obtain information, have errors corrected, the debt validated, and payoff requests, remain un-responded to.

7

28.    Mr. Bernstein has made Wells Fargo aware of several breaks in the chain of title, and he has attempted to have the issues corrected so that he can finally get a proper payoff amount, and execute the reverse mortgage that is waiting for information.

29.    Instead of complying the statutes and regulations on the NEDVR, Wells Fargo plans to execute a sale under power on June 05, 2018.

30.    Defendants have apparently decided to just foreclose on Mr. Bernstein's property, regardless of the fact that Mr. Bernstein lawfully executed legal rescission that Wells Fargo has refused to acknowledge; the first time within one year of closing, and the second, before expiration of three years.[6]

31.    Mr. Bernstein continues seeking information pursuant to Regulation Z:  12 C.F.R. §1026.36(c)(3) concerning the total outstanding balance that would be required to satisfy the debt.

32.    12 C.F.R. §1026.36(c)(3) Regulation Z, requires the response be made within seven (7) business days, Wells Fargo has repeatedly failed to comply with the timeline.

33.    TILA defines a "consumer credit transaction" as "a credit transaction primarily for a personal, family, or household purpose that bears a finance charge (designed to exclude sales with a down payment and thirty/sixty/ninety days 'same as cash' but to include longer-term credit with a finance charge built in to the price)".

34.    Mr. Bernstein's loan is a "residential mortgage transaction as defined by 15 U.S.C. § 1602(x).

35.    15 U.S.C. § 1602(x) defines a "residential mortgage transaction" as "a transaction in which a mortgage, deed of trust, purchase money security interest arising under an

---

[6] The matter of rescission is currently in front of the US Supreme Court, and hopefully the US Supreme Court will hear that issue, it is not being brought before this court, Mr. Bernstein wants to make sure that he informs the court of all the pertinent facts.

installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling".

36.    Over the years, Mr. Bernstein has repeatedly attempted to work with Wells Fargo, and no matter the circumstance, Wells Fargo has failed and refused to co-operate.

37.    Mr. Bernstein, on more than one occasion, specifically requested the "full name, address and telephone number of the current owner of the original note"; information he has repeatedly been denied.

38.    Mr. Bernstein alleges that Wells Fargo, as well as their attorneys (agents) have repeatedly failed and refused to comply with 15 U.S.C. §1641(f)(2).

39.    Mr. Bernstein alleges that Wells Fargo has repeatedly refused to provide an accurate payoff statement, in violation of 15 U.S.C. § 1639g.

40.    Mr. Bernstein alleges that not only has Wells Fargo and their agents repeatedly failed and refused to properly address his specific inquiries for a detailed explanation of specific fees and charges, they have found it within their best interests to not respond at all.

41.    Mr. Bernstein, who on four (4) separate occasions, had applied, and been approved for a reverse mortgage, if Wells Fargo would supply an accurate, up to date payoff statement.

42.    Every one of those four (4) separate occasions, Wells Fargo failed and refused to supply the requested payoff statement.

43.    Section 1639g of TILA states: "A creditor or servicer of a home loan *shall* [7] send

---

[7] Unmistakably mandatory character, requiring that certain procedures "*shall*," "*will*," or "*must*" be employed *Hewitt v. Helms*, 459 US 460 - Supreme Court 1983; "mandatory language, the words '*shall*', '*must*', or '*will*' In sum, the use of **'explicitly mandatory language**,' ... establishment of "specified substantive predicates" to limit discretion, .... " *Hewitt v. Helms*, 459 U. S., at 472. " .. is perfectly clear and unambiguous. *Pleasant v.*

an accurate payoff balance within a reasonable time but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower" 15 U.S.C. § 1639g.

44.    Mr. Bernstein alleges that Wells Fargo has repeatedly failed and refused to provide the requested information and documentation.

45.    Wells Fargo has a long history of violating banking laws, credit laws, mortgage laws, foreclosure laws, and being fined by the FTC, CFPBA, DOJ, OCC, as well as all fifty states.

46.    Mr. Bernstein has been patient, and has given defendants every opportunity to fulfill the requirements, they just are not going to comply with the requests, and they still plan to move forward with a wrongful foreclosure, without concern for the consequences.

47.    Mr. Bernstein alleges the reason that Wells Fargo has repeatedly refused to acknowledge two timely rescissions, refused to provide proper payoffs for the reverse mortgages, and flat out failed and refused to respond to QWRs and NEDVRs is because they are not the holder of the Note and/or Security Deed and in fact, lack all standing to assist with Mr. Bernstein's loan in any way.

48.    Mr. Bernstein contends that defendants do not hold the required positions necessary in order to conduct a non-judicial foreclosure and sale under power for her property.

49.    Mr. Bernstein is a consumer[8], who has been denied payoff requests, made pursuant

---

*Luther*, 195 Ga.App. 889, 890(1), 395 S.E.2d 79 (1990). Its language is mandatory. *Preece Turman Realty Company, Inc.* 228 Ga. App. 609, 492 S.E.2d 342 (1997). "To create a constitutionally protected liberty interest, a state *must* employ 'language of an unmistakably mandatory character, requiring that certain procedures "*shall*," "*will*," or "*must*" be employed ... '" *Russ v. Young*, 895 F.2d 1149, 1153 (7th Cir.1990) (quoting *Hewitt*, 459 U.S. 471-72, 103 S.Ct. at 871). Protected due process liberty interests can be created, however, when a state "plac[es] substantive limitations on official discretion," *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983).

[8] This section defines a consumer as follows: "(i)...'consumer', used with reference to a credit

to 15 U.S.C. §1639g. and 12 C.F.R. 1026.36(c)(3) Regulation Z.

50.    The response Mr. Bernstein has been Notice of Foreclosure, rather than the proper amount to satisfy the loan.

51.    Wells Fargo is a "creditor"[9] within:  15 U.S.C. §1639(t) states:  "(2) Prompt delivery.  Payoff balances shall be provided within 5 business days after receiving a request by a consumer or a person authorized by the consumer to obtain such information".  15 U.S.C.A. § 1639 (West).

52.    Wells Fargo further, falls within the definition of servicer in this code section.  "A creditor or servicer[10] of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower."  12 C.F.R. § 1026.36(c)(3).

53.    To date, Mr. Bernstein has never been provided a proper payoff amount.

54.    Wells Fargo was obligated to disclose the identity of the owner of the obligation, as well as its address and telephone number pursuant to 12 C.F.R.  § 1024.36(d)(2(i)(A) of Regulation X, which they failed and refused to disclose.

55.    More specifically, § 1641(f)(2) states in part: "Upon written request by the obligor,

---

transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes" (15 U.S.C.A. § 1602 (West)).

[9] "The term 'creditor' refers only to a person who both (1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more than four installments or for which the payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness..." (15 U.S.C.A. § 1602 (West)).

[10] Servicer means a person responsible for the servicing of a federally related mortgage loan (including the person who makes or holds such loan if such person also services the loan). 12 C.F.R. § 1024.2

the servicer shall provide the obligor, to the best knowledge of the servicer, with the name, address, and telephone number of the owner of the obligation..." (15 U.S.C.A. § 1641 (West)).

56.     12 C.F.R. § 1024.36(d)(2)(i)(A) requires a servicer to provide a response "not later than 10 days (excluding legal public holidays, Saturdays, and Sundays) after the servicer receives an information request for the *identity* of, and address, or other relevant contact information for, the *owner* or assignee of a mortgage loan" (emphasis added).

57.     Wells Fargo, upon written request, was obligated to acknowledge receipt of Mr. Bernstein's Written Request in writing within five (5) business days, pursuant to 12 C.F.R. §1024.36(c), which they failed and refused to acknowledge.

58.     Wells Fargo further, was obligated to provide a written response to Mr. Bernstein within thirty (30) business days, which included the requested information, or stated that the "requested information is not available to the servicer" and the "basis for the servicer's determination". See 12 C.F.R. § 1024.36(d), which to date, they have failed and refused to provide.

59.     The CFPB has acknowledged that "There is evidence that borrowers [have been] subjected to improper fees that servicers had no reasonable basis to impose, improper force-placed insurance practices, and improper foreclosure and bankruptcy practices." *78 Fed. Reg. 10902, 10906* (Feb. 14, 2013)(emphasis added).

60.     The Note signed by Mr. Bernstein, in connection with the loan serviced by Wells Fargo is a consumer credit transaction[11] within the meaning of, and subject to TILA.

---

[11] The term consumer credit transaction is defined as "a credit transaction, primarily for a personal, family, or household purpose, that bears a finance charge, or such a transaction payable in more than four installments without a finance charge (designed to exclude sales with a down payment and thirty/sixty/ninety days 'same as cash' but to include longer-term credit with a finance charge built into the price).

61.    Mr. Bernstein's loan, is a "residential mortgage transaction" as defined by 15 U.S.C. §1602(x)[12].

62.    Mr. Bernstein specifically requested the "full name, address and telephone number of the <u>current owner</u> of the original note.

63.    Mr. Bernstein alleges that Wells Fargo has failed and refused to comply with 15 U.S.C. §1641(f)(2).

64.    Mr. Bernstein alleges that Wells Fargo has repeatedly failed and refused to provide an accurate payoff statement, in violation of 15 U.S.C. § 1639g.

65.    Mr. Bernstein alleges that Wells Fargo has repeatedly failed and refused to properly address huis specific inquiries for a detailed explanation of specific fees and charges, including, but not limited to inspections, force placed insurance, escrow payments, unapplied funds accounts.

66.    Mr. Bernstein made perfectly clear what he was looking for, that he has the right to be provided the information he seeks, recited the lengths of time they legally have to respond, and they still failed and refused to respond.

67.    Section 1639g of TILA states: "A creditor or servicer of a home loan ***shall*** [13]send

---

[12] The term "residential mortgage transaction" means a transaction in which a mortgage, deed of trust, purchase money security interest arising under an installment sales contract, or equivalent consensual security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling.

[13] Unmistakably mandatory character, requiring that certain procedures "***shall***," "***will***," or "***must***" be employed ***Hewitt v. Helms***, 459 US 460 - Supreme Court 1983; "mandatory language, the words '***shall***', '***must***', or '***will***'   In sum, the use of '***explicitly mandatory*** language,' …establishment of "specified substantive predicates" to limit discretion, …." ***Hewitt v. Helms***, 459 U. S., at 472. ".. is perfectly clear and unambiguous. ***Pleasant v. Luther***, 195 Ga.App. 889, 890(1), 395 S.E.2d 79 (1990). Its language is mandatory. ***Preece v Turman Realty Company, Inc.*** 228 Ga. App. 609, 492 S.E.2d 342 (1997). "To create a constitutionally protected liberty interest, <u>***a state must***</u> employ `language of an unmistakably mandatory character, requiring that certain procedures "***shall***," "***will***," or "***must***" be employed … '" ***Russ v. Young,*** 895 F.2d 1149, 1153 (7th Cir.1990) (quoting ***Hewitt,*** 459 U.S. at 471-72, 103 S.Ct.

an accurate payoff balance within a reasonable time but in no case more than 7 business days, after the receipt of a written request for such balance from or on behalf of the borrower." 15 U.S.C. §1639g.

68.     Mr. Bernstein alleges that Wells Fargo has repeatedly failed and refused to provide the requested information, and documentation.

69.     Mr. Bernstein has never been able to get Wells Fargo to explain the charges added to his loan, apparently the charges lack legitimacy.

70.     Mr. Bernstein alleges that to date, Wells Fargo has failed and refused to adequatley respond to his QWRs in violation of 12 C.F.R. § 1024.36(c) and 12 C.F.R. 1024.36(d)(2)(i)(B).

71.     Mr. Bernstein alleges that to date, Wells Fargo has failed and refused to provide the address and telephone number of the owner, who it has been alleged is GNMA, of the subject obligation, contrary to, in violations of 15 U.S.C. §1641(f)(2) and 12 C.F.R. §1024.36(d)(2)(i)(A).

FIRST CLAIM FOR RELIEF
BREACH OF CONTRACT
(Wells Fargo, McCalla, Baker Donelson, Finley)

72.     Mr. Bernstein contends that he entered into two legal binding contracts when he refinanced his loan with Terrace Mortgage Company.

73.     As the alleged assignee of the loan, Wells Fargo, and their agents were obligated to adhere and abide by the legal binding contracts signed by Mr. Bernstein in favor of Terrace Mortgage Company.

74.     Mr. Bernstein alleges that he and anyone with the original promissory note and

---

at 871). Protected due process liberty interests can be created, however, when a state "plac[es] substantive limitations on official discretion," *Olim v. Wakinekona*, 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983).

14

security deed are part of a binding contractual agreement.

75.    Mr. Bernstein alleges that Wells Fargo knowingly, willingly, wantonly, and with malicious intent breached the terms of the parties' loan/mortgage agreement(s)\contract(s) in conjunction Breach of Contract with the property and account(s) at issue in this litigation.

76.    Mr. Bernstein alleges that Wells Fargo as servicer, along with the true secured creditor whoever it turns out to be, negligently breached the terms of the loan agreements at issue, for example by failing to fulfill and comply with the Security Deed.

77.    More specifically, the contract was breached by failure to adhere to Security Deed § 2: "Application of Payments... Except as otherwise described in this Section 2 all payments accepted and applied by Lender shall be applied in the following order of priority (a) interest dye under the Note; (b) principal due under the Note, (c) amounts due under Section 3 Such payments shall be applied to each Periodic Payment in the order in which it became due..."

78.    Mr. Bernstein alleges that the payments were improperly applied to the debt, and/or wrongfully held in an unapplied funds account when there had been no deficiency or late payments, which would allow such payment(s) to be held.

79.    Mr. Bernstein alleges that one of the reasons that Wells Fargo has repeatedly ignored Mr. Bernstein's demands for an accounting, is because Wells Fargo has mismanaged the payments and escrow ever since the time they allegedly were assigned the loan.

80.    Mr. Bernstein alleges that in the past, he had to file bankruptcy in order to stop Wells Fargo from, foreclosing when Mr. Bernstein was in the middle of a reverse mortgage.

81.    Mr. Bernstein alleges that in the past he had to file a civil action in US District Court due to Wells Fargo's refusal to acknowledge the legally executed rescission of the

loan.

82.    Mr. Bernstein alleges that Wells Fargo has breached their contractual duties found within the security deed and note, concerning application of his payments, and acceleration of the debt.

83.    As a direct and proximate cause of Wells Fargo, and their agents' actions, Mr. Bernstein has been harmed, injured, and suffered damages.

84.    · Good faith and fair dealing are implied to be part of every contract.[14] though not cause for an independent action.

85.    The first page of the Security Deed "(I) 'Applicable Law' means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders ... as well as all applicable final, non-appealable judicial opinions".

86.    Defendants in this action have ignored state and federal laws as well as United States Supreme Court Rulings, see

WHEREFORE, Mr. Bernstein prays for the relief shown in the final prayer for relief.

SECOND CLAIM FOR RELIEF
NEGLIGENCE\GROSS NEGLIGENCE
(Wells Fargo, Baker Donelson, Finley)

87.    A breach of contract does not preclude an action in tort based on the same course of conduct, "It is axiomatic that a single act or course of conduct may constitute not only a breach of contract, but an independent tort as well..." *Sheppard v. Yara Eng'g Corp.*, 281 . S.E.2d 586, 587 (1981).

---

[14] Every contract implies a covenant or duty of good faith and fair dealing in the performance of the agreement and its enforcement. The good-faith duty imposed upon a party to a contract is a shorthand way of saying substantial compliance with the spirit, and not merely the letter, of a contract.

88.    Mr. Bernstein contends that Wells Fargo was negligent in the maintenance, accounting, and servicing of his loan; that the Noteholder has a responsibility to have an honest servicer administering the payments into, and out of his account, thereby the true holder of the note is negligent by employing Wells Fargo to be servicer.

89.    Wells Fargo has been repeatedly found guilty of mishandling accounts, as well as us8ing robo-signers and illegally creating documents and accounts.

90.    Mr. Bernstein alleges that the contract imposed a legal duty, upon the true owner of the loan, Wells Fargo, and Wells Fargo's agents (Finley and the law firm) which existed apart from the specific obligation of the contract.

91.    Mr. Bernstein alleges that the duty created apart from the obligations of the contract were violated by all defendants and whoever owns the loan, the legal duty owed, was a duty to avoid harming Mr. Bernstein.

92.    Mr. Bernstein alleges that the duty created apart from the obligations of the contract were violated by all defendants.

93.    As a direct and proximate cause of the defendants' actions/inactions discussed throughout this complaint, Mr. Bernstein has been harmed, injured, and suffered damages.

### THIRD CLAIM FOR RELIEF
### VIOLATIONS OF 15 U.S.C. § 1639g AND § 1641(f)(2)
### (Wells Fargo, and Their Agents)

94.    Wells Fargo has failed and refused to confirm the identity of, and to provide the address and telephone number for the owner of the subject obligation, contrary to 15 U.S.C. § 1641(f)(2).

95.    Wells Fargo has failed and refused to provide an accurate payoff statement, contrary to 15 U.S.C. §1639g.

96.    Upon information and belief, whoever owns the loan has have considerable control

over Wells Fargo by virtue of a Servicing Agreement that governs their relationship.

97.    Upon information and belief, one of the very specific functions the Servicing Agreement was designed to cover was Wells Fargo's responding to requests for information, notices of error, and requests for payoff statements.

98.    Plaintiff attempted to amicably resolve the above-shown issues, prior to filing of this civil action.

99.    Mr. Bernstein is entitled to the following damages for violations of TILA by Wells Fargo, in the form of statutory damages of not less than $400 nor greater than $4,000 pursuant to 15 U.S.C. § 1640(a)(2)(A)(iv), and the costs of this action together with a reasonable attorney's fees[15] as determined by the court, pursuant to 15 U.S.C. § 1640(a)(3).

FOURTH CLAIM FOR RELIEF
VIOLATION OF 12 U.S.C. § 2601 *et seq*
(Wells Fargo and Their Agents)

100.    Mr. Bernstein alleges that Wells Fargo is servicer of his "federally related mortgage loan".

101.    Mr. Bernstein shows that his loan is a federally related mortgage loan", because it is a loan that: "(1) involves a 1-4 unit residential property, and (2) was made by a federally insured institution, guaranteed or insured by a federal agency, sold or intended to be sold to a federally related entity, or made by a creditor who has made a large number of residential loans". 12 U.S.C. § 2602(1); 12 U.S.C. § 2605(e).

102.    Mr. Bernstein alleges that Wells Fargo is a "creditor" for purposes of RESPA, because Wells Fargo "(1) regularly extends, whether in connection with loans, sales of property or services, or otherwise, consumer credit which is payable by agreement in more

---

[15] The attorneys fees would only be if and when Mr. Bernstein locates and retains competent legal counsel, of which she continues to interview.

than four installments or for which the payment of a finance charge is required, and (2) is the entity to whom the debt arising from the consumer credit transaction is payable".

103.    Mr. Bernstein further alleges that his QWR was in writing, and his inquiry was related to the "servicing of the loan", which is defined as 'receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan...'" 12 U.S.C. § 2605(i)(3).

104.    Mr. Bernstein's QWR was pursuant to and in compliance with 12 U.S.C. § 2605(e)(1)(B); the request was made in writing, stated the Borrower's name, the property address, the loan number, and that the inquiry was related to the servicing of his loan, 12 U.S.C. § 2605(e)(1).

105.    Mr. Bernstein alleges that Wells Fargo committed prohibited acts within 12 U.S.C. § 2605(k) Servicer prohibitions, in that Wells Fargo "failed to timely respond to Mr. Bernstein's requests to correct errors relating to ... final balances for purposes of paying off the loan, and/or avoiding foreclosure, and/or other standard servicer's duties.

106.    Mr. Bernstein alleges that Wells Fargo committed prohibited acts within 12 U.S.C. § 2605(k), in that Wells Fargo failed to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan. 12 U.S.C. § 2605(k)(emphasis added).

107.    Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action.[16]

---

[16] *See 78 Fed. Reg. 10696*, 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg*. at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

108.    The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

109.    Mr. Bernstein alleges that Wells Fargo as servicer has failed and refused to comply with 12 C.F.R. § 1024.36(d) in that Wells Fargo failed and refused to provide adequate responses to numerous requests for information within the required timeframe, in violation of 12 U.S.C. § 2605(k)(1)(E).

110.    Further, Wells Fargo has failed, and refused to comply with 12 C.F.R. § 1024.36(d)(2)(i)(A) in that Wells Fargo did not the address or provide relevant contact information for the "owner" of Plaintiff's Promissory Note within ten (10) days after receiving such request, in violation of 12 U.S.C. § 2605(k)(1)(D).

111.    Mr. Bernstein is entitled to actual damages as a result of Defendants' failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: photocopying costs and postage costs incurred as a result of having to send additional correspondences due to Wells Fargo's failure to adequately respond to Plaintiff's requests for information.

112.    Mr. Bernstein is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of Wells Fargo's pattern or practice of noncompliance with Regulation X and RESPA.

113.    Wells Fargo has also violated Regulation X with respect to numerous loans it services, including but not limited to, the following loans:

(1) With respect to loan number ******9791, WFHM violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

(2) With respect to loan number ******3460, WFHM violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

(3) With respect to loan number ******0479, WFHM violated 12 C.F.R. § 1024.36(d)(2)(i)(B) by failing to provide an adequate written response to a request for information within the required timeframe.

114.    Mr. Bernstein is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).


### FIFTH CLAIM FOR RELIEF
### UNFAIR AND DECEPTIVE PRACTICES
### (Wells Fargo, Baker Donelson, Linda Finley)

115.    Pursuant to the Fair Business Practices Act (FBPA),[17] unfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce declared unlawful.  (4 Ga. Jur. *Business Torts and Trade Regulation* § 1:7).

116.    "Consumer acts or practices" means acts or practices intended to encourage consumer transactions. (O.C.G.A. § 10-1-392(a)(7)).

117.    "Consumer transaction" means the sale, purchase, lease, or rental of goods, services, or property, real or personal, primarily for personal, family, or household purposes (O.C.G.A. § 10-1-392(a)(10)).

---

[17] The FBPA creates a separate and distinct cause of action for which a consumer damaged as a result of a breach of the FBPA has an independent right to recover regardless of any other theory of recovery (4 Ga. Jur. *Business Torts and Trade Regulation* § 1:7).

## SIXTH CLAIM FOR RELIEF
## CONVERSION, TRESPASS AND NUISANCE
### (Against all Defendants)

118.   Mr. Bernstein alleges that defendants' actions result in conversion, trespass, have been and are a nuisance.[18]

119.   "Any unlawful interference with, or invasion of, a property right is a trespass.

120.   The Code defines 'trespass' in its broadest sense as 'any misfeasance, transgression, or offense which damages another's health, reputation, or property.'" § 2:4.Trespass in general, *Ga. Law of Torts* § 2:4.

121.   Georgia has held that "The right of enjoyment of private property being an absolute right of every citizen, every act of another which unlawfully interferes with such enjoyment is a tort for which an action shall lie."

122.   Mr. Bernstein alleges that he himself has suffered from discomfort, loss of peace of mind, unhappiness, and annoyance caused by the nuisance in that he is elderly, disabled, and the continued acts to foreclose after the loan was legally rescinded, and with defendants' actual knowledge that Mr. Bernstein had been approved for reverse mortgage, yet they refused him the payoff amount.

123.   Mr. Bernstein alleges that he has been financially exploited for defendants' own monetary gains, which has been a nuisance and a trespass.

---

[18] "Typical of the torts for which such damages may be awarded are assault and battery, libel and slander, deceit, seduction, alienation of affections, malicious prosecution, and intentional interferences with property such as trespass, private nuisance, and conversion. But it is not so much the particular tort committed as the defendant's motives and conduct in committing it which will be important as the basis of the award." *W.L. Prosser and W.P. Keeton*, supra, pp. 8–11. (Citations omitted and emphasis supplied.)
*Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 122, 365 S.E.2d 827, 832 (1988).

124.   Wells Fargo, Linda Finley, and Baker Donelson all had actual knowledge that Mr. Bernstein had legal right to, and timely and legally did rescind the loan, and the loan had been rescinded, Mr. Bernstein alleges that their actions rose to the level of nuisance that Georgia statute recognizes as a tort.

125.   For example, Wells Fargo, utilizing their agents Linda Finley and Baker Donelson repeatedly attempted foreclosure while in the middle of civil litigation, with actual knowledge that any foreclosure would be overturned.

126.   Mr. Bernstein alleges that he had, seven (7) times attempted modification in order to remain in his home after Wells Fargo refused to acknowledge rescission, the last such attempt, he was approved for $4500 monthly, but three days later, received a letter from Wells Fargo denying the modification.

127.   Mr. Bernstein was repeatedly refused the payoff amount from Wells Fargo and their agents, for the entities who approved Mr. Bernstein for reverse mortgage.

128.   Defendants have continued with the attempts to foreclose, while the previous litigation continues in front of U.S. Supreme Court, as they plan to foreclose and exercise power of sale June 05, 2018, with actual knowledge that the Supreme Court has the case.[19]

129.   Mr. Bernstein alleges that defendants knowingly, willingly, wantonly, showed misfeasance and malfeasance in their actions.

130.   Mr. Bernstein alleges that defendants; actions were intentional and malicious.

131.   Mr. Bernstein alleges that defendants' actions were meant to and did interfere with Mr. Bernstein's happiness, enjoyment of his property and cost him money.

---

[19] The US Supreme Court denied pauperis and Mr. Bernstein has already had the 40 Booklet Appeal Briefs delivered to the US Supreme Court by the printers/binders, and it remains pending.

23

132. As a direct and proximate cause of defendants' actions/inactions Mr. Bernstein has been harmed, injured, and been made to suffer damages, he will suffer far into the future from defendants' actions.

SEVENTH CLAIM FOR RELIEF
NEGLIGENT AND INTENTIONAL MISREPRESENTATION
(Against All Defendants)

133. Mr. Bernstein alleges that Wells Fargo and their agents had willfully made misrepresentations to and about Mr. Bernstein.

134. For example, Linda Finley contacted Mr. Bernstein, in writing, prior to the 09:30 am hearing in DeKalb County Superior Court for TRO, wherein Finley informed Mr. Bernstein that she had a conflict and would be unable to appear in court until 10:00 am.

135. Because of the communication for Finley, Mr. Bernstein and his attorney Dale Calomeni appeared at the Court at 09:50 am.

136. At the Court, Mr, Bernstein and Calomeni were informed that Linda Finley had appeared at 09:10 am, and had the case transferred to Gwinnett County, even though Mr. Bernstein lived in DeKalb County.

137. Finley made material misrepresentations to Mr. Bernstein, with the intent that he rely upon the information.

138. Mr. Bernstein properly and justifiably relied upon the communication from Finley, after all, attorneys, being officers of the Court, when reporting a fictional conflict, would be a violation of their ethics.

139. Due to circumstances brought on by Finley's transfer of his case, Mr. Bernstein ended up being forced to file bankruptcy in order to stop the sale of his property.

140. Finley's intentional misrepresentation to Mr. Bernstein, so that she could transfer the case without Mr. Bernstein being able to object, was an act of malfeasance/misfeasance,

24

and resulted in defendants being able to get the case transferred to US District Court for the Northern District of Georgia, Atlanta Division, where it sat in front of Judge Story for almost three (3) years.

141.   During the time that the case sat in front of District Court, Wells Fargo continued adding penalties, fees and charges to the loan, and making reports to the credit reporting agencies.

142.   Linda Finley had Wells Fargo attempt to foreclose of Mr. Bernstein's property every couple of months, from which Mr. Bernstein was forced to file Bankruptcy two additional times.

143.   As a disabled and elderly adult, the actions cause Mr. Bernstein extreme harm and damage.

144.   As a direct and proximate cause of defendants' actions/inactions, Mr. Bernstein has been injured, harmed and suffered damages.

### PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED as Prayer for Relief, and for the foregoing reasons, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing, Plaintiff be awarded judgment:

- Declaring that Defendants lack any interest in the subject property which would permit them to foreclose, evict, or attempt to foreclose or evict, the trust deed and/or to sell the subject properties;
- Declaring that the trust deed is not a lien against the subject properties, ordering the immediate release of the trust deed of record, and quieting title to the subject properties in Plaintiff and against Defendants and all claiming by, through or under them;
- A refund of any wrongfully or improperly collected fees and payments to Defendants to which it had no right;
- Pre- and post-judgment interest at the maximum rate allowed by law;
- Attorney's fees;

- Monetary relief over $100,000 but not more than $2,000,000,00; and

- Such other and further relief at law and/or in equity to which Plaintiff may be justly entitled including but not limited to damages within the jurisdictional limits of this Court, together with pre-judgment and post-judgment interest as are allowed by law.

Respectfully submitted, May ..25, 2018.

Steven Bermstein

### VERIFICATION

I, Leon Keizer, am the Plaintiff in the above-entitled action.

I declare under penalty of perjury under the laws of the State of Georgia and of the United States of America that the foregoing is true and correct.

Dated: May.. 25, 2018

Steven W. Bernstein

### DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial on all issues raised in this complaint.

Dated: May.25, 2018

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

## IN THE SUPERIOR COURT OF DEKALB COUNTY
## STATE OF GEORGIA

|  |  |  |
|---|---|---|
| | § | |
| **STEVEN BERNSTEIN,** | § | |
| **Plaintiff** | § | |
| **v.** | § | |
| | § | |
| **Defendants** | § | **Civil Action File** |
| | § | **No.**_____ 18CV5627 |
| **Linda Findley (individually and in her professional capacities),** | § | |
| **Baker, Donelson, Beaman, Caldwell & Berkowitz, A Professional Corporation** | § | |
| **Wells Fargo Bank, N.A,** | § | |
| **McCalla Raymer Leibert Pierce, LLC** | — | |
| **, N.A. Does 1-5** | | |

---

## VERIFIED EMERGENCY PETITION FOR TEMPORARY RESTRAINING

## ORDER/INJUNCTION AND EX PARTE TEMPORARY RESTRAINING ORDER

---

COMES NOW, Plaintiff, Steven Bernstein ("Petitioner" or "Mr. Bernstein"), who, against his will and better judgment, and has been forced into this Court, in *Propria Persona*. Mr. Bernstein respectfully files his **Verified Emergency Petition for Temporary Restraining Order/ Injunction** and Ex parte Temporary Restraining Order, pursuant to O.C.G.A. §§ 9-11-65(b), 9-5-1, 9-5-3(b), and shows this Honorable Court the following pertinent facts:

I.                    PRELIMINARY STATEMENT

Petitioner, Mr. Bernstein will show that defendants in this action, and their attorneys have refused to provide important information to Petitioner, of the nature that he has a right to be provided with, and for which defendants had a duty to provide to Petitioner. Petitioner will also show m will show that she has repeatedly attempted to work with defendants to no avail.

The entities named herein, have, in the past, currently are, and in the future will be guilty of violating Georgia Real Property Laws, and have ignored and failed to timely and properly respond to *Notice of Error and Debt Validation Requests ("NEDVR")*, as well as *Qualified Written Requests ("QWR's)*, and have committed fraud upon the Courts in this state to obtain rulings in their favor. These notices were served on McCalla Raymer via Certified Mail on 4/25/2018 receipt # 70170190000059388235, The Defendants failure to respond within the 30 day period is a direct violation of the Fair Debt Collection Act and puts a stop to the foreclosure sale scheduled for June 5, 2018. In addition, Plaintiff has applied for modifications 7 times. The last time he was approved then 3 days later he received a denial letter. In addition, Plaintiff has been approved by Wells Fargo (once) and three other mortgage companies for a reverse mortgage and Wells Fargo has never given Plaintiff a proper payoff to consummate the reverse mortgage. Plaintiff is elderly and has resided in his current home 23 years and wishes to remain in his primary residence. Plaintiff wishes his case be referred to the DeKalb County Mediation Center.

Indeed, Mr. Bernstein has been has been living with both a threatened and existing tort, and that the actions against Mr. Bernstein, and others similarly situated have been illegal, and contrary to equity, and good conscience. Without a TRO/Injunction, Mr. Bernstein will be irreparably harmed, and he will wrongfully lose the home.

This Court has broad discretion in deciding to Grant Mr. Bernstein's Petition. The purpose for granting an interlocutory injunction is to preserve the status quo pending final adjudication of the case. *MARTA v. Wallace*, 243 Ga. 491, 254 S.E.2d 822 (1979). Generally the trial court has broad discretion to decide to grant Mr. Bernstein an interlocutory injunction. OCGA § 9–5–8. *W. v. Koufman*, 259 Ga. 505, 505, 384 S.E.2d 664, 666 (1989).

Just as in *W. v. Koufman*, Petitioner has alleged that defendants have solicited third parties to file fictional documents, which created a lien against the property. "This conduct, if proved, would constitute a breach of the duty of good faith and fair dealing that is implied in all contracts. OCGA § 11–1–203; *Jackson Electric Membership Corp. v. Georgia Power Co.*, 257 Ga. 772, 364 S.E.2d 556 (1988); see also Restatement, Second, Contracts, § 231 ('Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement.') In this case, West's breach of this duty might preclude him from insisting on strict compliance with the default provision in the deed. We therefore conclude that the trial court acted within its discretion in granting the interlocutory injunction pending final adjudication of the merits of the case". *W. v. Koufman*, 259 Ga. 505, 505, 384 S.E.2d 664, 666 (1989).

Mr. Bernstein, below, explains the grounds for which the Court must Grant the Petition, the persuasive arguments will also provide the Court with the necessary statutes and rules that give this Honorable Court the power to Grant the Petition, wherein, no appellate court will overturn this Court's ruling, absent manifest abuse of discretion, which cannot be found here.

II.                    JURISDICTION AND VENUE

Jurisdiction and Venue are proper in this court, because the subject is real property, and ownership of that real property, which is located in DeKalb County, Georgia. "... [f]or the purpose of enabling all persons owning real estate within this state to have the title

thereto settled and registered[,] ... the superior court of the county in which the land is located shall have exclusive original jurisdiction of all petitions and proceedings had thereupon." (Emphasis supplied.) OCGA § 44-2-60. *Setlock v. Setlock*, 286 Ga. 384, 385, 688 S.E.2d 346, 347 (2010).

Further, jurisdiction is proper in Superior court because the Court has jurisdiction over all causes, both civil and criminal, as granted by the State of Georgia Constitution, Art. VI, §4, ¶I; and O.C.G.A. §§ 15-6-8, and 9-4-2. Superior Court is a court of general jurisdiction, and has the power and authority to hear appeals from lower courts of limited jurisdiction, and make rulings on matters of equity.

III.        PARTIES TO THE ACTION

1.     Petitioner, Bernstein, during all times relevant owned and resided on 1428 Valley View Rd., Dunwoody, Ga. 30338, in DeKalb County.

2.     **Defendant, Wells Fargo Bank, N.A.** at all times relevant, has been a Foreign For Profit National Banking Association, a Non Depository Payor Bank doing business in Dekalb County, Georgia..

3.     **Defendant Linda Finley who has played musical chairs with Plaintiff's venue and engaged in unethical practices as a lead attorney for Baker, Donaldson.**
       4.  **Defendant** McCalla Raymer Leibert Pierce, LLC

5.     Whenever appearing in this complaint, each and every reference to Defendants or to any of them, is intended to be and shall be a reference to all defendants hereto, and to each of them, unless said reference is specifically qualified.

II.        GENERAL ALLEGATIONS

6.     Mr. Bernstein contends that having had a professional auditor go over the subject property documents, with a fine tooth comb, which is what the Complaint, filed contemporaneously herewith, is based upon, that none of the defendants can show an

unbroken chain of title that would give any defendant an interest in the loan or property,.

7.      To date, Mr. Bernstein has been denied the knowledge of the true owner/holder of the Note and Security Deed, as Mr. Bernstein's loan is scheduled to be foreclosed on June 5, 2018..

8.      Although there are literally thousands of Georgia properties with bogus documents recorded against their properties, the borrowers are not allowed to question the documents existence or where they came from.

9.      Wells Fargo Bank , N.A. and attorneys for Defendants cannot be trusted to tell the truth; they have perpetrated a fraud upon numerous courts and been caught committing that fraud upon the Courts.

10.     The auditor that Petitioner hired to do the audit on his loan, explains it more thoroughly as shown in the Complaint filed.

11.     One thing that is often overlooked, is that Terrace Mortgage (originator) is not authorized on the MERS system to assign loans or Security Deeds to Freddie Mac creating a break in the chain of title.

III.        ARGUMENT AND CITATIONS OF AUTHORITY

A.      *Ex Parte Emergency TROs Provided for by U.S.C.R. 6.2, 6.7, O.C.G.A. 9-11-56(b)*

Mr. Bernstein, at all times has acted in good faith.        This Court has the power and authority to grant the TRO\Injunction ex parte, and the appellate courts will not overturn that ruling, except for an abuse of discretion. It has been spelled out within the Uniform Superior Court Rules, and the Civil Practice Act. Uniform Superior Court Rule 6.2 provides " ... 30 days within which to respond to a motion; however, the rule allows the trial court... to shorten this time by written order, issued as a rule nisi".

Further, Uniform Superior Court Rule 6.7 Motions in Emergencies, states:

> "Upon written notice and good cause shown, the assigned judge may shorten or waive the time requirement applicable to emergency motions, except motions for summary judgment, or grant an immediate hearing on any matter requiring such expedited procedure. The motion shall set forth in detail the necessity for such expedited procedure.

Ga. Unif. Super. Ct. R. 6.7.

"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm. If a TRO is granted ex parte, then a hearing for interlocutory injunction must be held within 30 days or the TRO is dissolved as a matter of law". OCGA § 9–11–65(b).

"A motion for interlocutory injunction or a TRO is an extraordinary motion, which is time sensitive, unlike other motions, because it seeks to preserve the status quo until a full hearing can be held to avoid irreparable harm." *Focus Entertainment International, Inc., v. Partridge Greene, Inc.* (253 Ga. App. 121) (558 SE2d 440) (2001).

The *Focus* Court went on to explain that <u>foreclosure is one such instance which "injunction is appropriate"</u> because "when an interest in land is threatened with harm", "such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed." See the following:

> "(a) Land, under Georgia law, is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. *Rife v. Corbett*, 264 Ga. 871 (455 SE2d 581) (1995) (injunction to protect an easement); *Benton v. Patel*, 257 Ga. 669, 672 (1) (362 SE2d 217) (1987) **(injunction to stop foreclosure)**; *Black v. American Vending Co.*, 239 Ga. 632, 634 (2) (238 SE2d 420) (1977) ("the law regards as sufficiently unique that equity will enforce a contract for [land] sale or lease"); *Clark v. Cagle*, 141 Ga. 703, 705-706 (1) (82 SE 21) (1914) (specific performance of contract to sell land). Therefore, **when an interest in land is threatened with harm, equitable injunctive relief is appropriate,**

> **because such harm is deemed to be irreparable to the unique
> character of the property interest, i.e., money damages are not
> adequate compensation to protect the interest harmed**. See generally
> ***Central of Ga. R. Co. v. Americus Constr. Co.***, 133 Ga. 392, 398 (65 SE
> 855) (1909) (irreparable injury defined to enjoin a nuisance); see also ***Roth
> v. Connor***, 235 Ga. App. 866, 868-869 (1) (510 SE2d 550) (1998)
> (property interests of grantor and others in restrictive covenants for their
> benefit)."

O.C.G.A. §9-11-65(b) permits the court to grant Temporary Restraining Order
without notice to the opposition, if

> (1)  It clearly appears from specific facts shown by Verified complaint
> that immediate and irreparable injury will result to the applicant before the
> adverse party or his attorney can be heard in opposition; and

> (2)  The applicant's attorney, or the pro se litigant certifies to the court,
> in writing the efforts, if any, which have been made to give the notice and
> the reasons supporting the party's claim that notice should not be required.

Further, Uniform Superior Court Rule 6.7 Motions in Emergencies, states:

> "Upon written notice and good cause shown, the assigned judge may
> shorten or waive the time requirement applicable to emergency motions,
> except motions for summary judgment, or grant an immediate hearing on
> any matter requiring such expedited procedure. The motion shall set forth
> in detail the necessity for such expedited procedure.

Ga. Unif. Super. Ct. R. 6.7.

OCGA § 9–11–65(b) (Code Ann. § 81A–165) provides, in part: "A temporary
restraining order may be granted without written or oral notice to the adverse party ... if:
(1) It clearly appears from specific facts <u>shown by affidavit or by the verified complaint</u>
that immediate and irreparable injury, <u>loss or damage will result to the applicant before the
adverse party or his attorney can be heard in opposition</u>; and (2) the applicant's attorney
<u>certifies to the court, in writing, the efforts, if any, which have been made to give the notice</u>

and the reasons supporting the party's claim that notice should not be required ..." *Stewart v. McLean*, 252 Ga. 455, 455, 314 S.E.2d 439, 440 (1984).

The court does not sanction the holding of ex parte hearings, except in the case of extraordinary matters, such as temporary restraining orders (TRO). *City of Pendergrass v. Skelton*, 278 Ga. App. 37, 628 S.E.2d 136 (2006); *Biggs v. Heriot*, 249 Ga. App. 461, 549 S.E.2d 131 (2001).

This exception is an acknowledgment that such motions quite often have to be obtained instanter; otherwise, property may change possession, and the matter may become moot. *City of Pendergrass v. Skelton*, 278 Ga. App. 37, 628 S.E.2d 136 (2006). "Temporary restraining orders may be issued without notice to the opposing party in some situations". *Bishop v. Patton*, 288 Ga. 600, 706 S.E.2d 634 (2011) (disapproved of on other grounds by, *SRB Inv. Services, LLLP v. Branch Banking and Trust Co.*, 289 Ga. 1, 709 S.E.2d 267 (2011)). *7 Ga. Proc. Special Remedies and Proceedings* § 2:17.

Wells Fargo 's bad faith actions shows their lack of concern for being honest with the Court, and that they are intent on doing as they please while having actual knowledge that they have no interest in the loan or property at all. The court does not sanction the holding of ex parte hearings, except in the case of extraordinary matters, such as temporary restraining orders (TRO). *City of Pendergrass v. Skelton*, 278 Ga. App. 37, 628 S.E.2d 136 (2006); *Biggs v. Heriot*, 249 Ga. App. 461, 549 S.E.2d 131 (2001).

This exception is an acknowledgment that such motions quite often have to be obtained instanter; otherwise, property may change possession, and the matter may become moot. *City of Pendergrass v. Skelton*, 278 Ga. App. 37, 628 S.E.2d 136 (2006). "Temporary restraining orders may be issued without notice to the opposing party in some situations". *Bishop v. Patton*, 288 Ga. 600, 706 S.E.2d 634 (2011) (disapproved of on

other grounds by, *SRB Inv. Services, LLLP v. Branch Banking and Trust Co.*, 289 Ga. 1, 709 S.E.2d 267 (2011)).   *7 Ga. Proc. Special Remedies and Proceedings* § 2:17.

## CONCLUSION

Mr. Bernstein, has acted in good faith in his actions towards defendants.  Mr. Bernstein contends that he will suffer irreparable injury if the Court does not Grant the TRO/Injunction.  The threatened injury to Mr. Bernstein outweighs the threatened harm that the injunction may do to the party enjoined.  There is a substantial likelihood that Mr. Bernstein will prevail on the merits of his claims at trial, and further, granting the interlocutory injunction will not disserve the public interest.  *Grossi Consulting, LLC v. Sterling Currency Grp., LLC*, 290 Ga. 386, 388, 722 S.E.2d 44, 46 (2012); *Bishop v. Patton*, 288 Ga. 600, 604, 706 S.E.2d 634 (2011);  *Focus Entertainment International, Inc., v. Partridge Greene, Inc.* (253 Ga. App. 121) (558 SE2d 440) (2001).

The Georgia Court of Appeals has held that it is not an abuse of discretion for the Court to Grant an Emergency Injunction ex parte': "Land, under Georgia law, is deemed sufficiently unique that it is entitled to equitable remedies to protect such interest in land. *Rife v. Corbett*, 264 Ga. 871, 455 S.E.2d 581 (1995) (injunction to protect an easement); *Benton v. Patel,* 257 Ga. 669, 672(1), 362 S.E.2d 217 (1987) (**injunction to stop foreclosure**)".  Therefore, as in the case at bar, <u>when an interest in land is threatened with harm, equitable injunctive relief is appropriate, because such harm is deemed to be irreparable to the unique character of the property interest, i.e., money damages are not adequate compensation to protect the interest harmed</u>. See generally *Central of Ga. R. Co. v. Americus Constr. Co.*, 133 Ga. 392, 398, 65 S.E. 855 (1909) (irreparable injury defined to enjoin a nuisance); see also *Roth v. Connor,* 235 Ga.App. 866, 868–869(1), 510 S.E.2d 550 (1998) (property interests of grantor and others in restrictive covenants for their benefit)" "The trial court may issue an interlocutory injunction to maintain the status quo

until there is a final hearing on the merits if, 'by balancing the relative equities of the parties, it would appear that the equities favor the party seeking the injunction. Thus, a demonstration of irreparable injury is not an absolute prerequisite to interlocutory injunctive relief.' (Citations and punctuation omitted.) *Parker v. Clary Lakes Recreation Assn.*, 272 Ga. 44, 45, 526 S.E.2d 838 (2000) (enjoin the change in bylaws of a civic association); see also *Jackson v. Delk,* 257 Ga. 541, 543–544(4), 361 S.E.2d 370 (1987) (violation of zoning ordinance)". *Focus Entm't Int'l, Inc. v. Partridge Greene, Inc.*, 253 Ga. App. 121, 127, 558 S.E.2d 440, 446 (2001).

## PRAYER FOR RELIEF

Mr. Bernstein moves this Honorable Court to GRANT his TRO\Preliminary Injunction, and to, within thirty (30) days, have a Rule Nisi hearing to determine whether or not an injunction is needed.   Mr. Bernstein prays that his case be transferred to the Dekalb Mediation Center due to the fact Wells Fargo will not provide a proper payoff figure or allow Mr. Bernstein to obtain a reverse mortgage on 4 times.

Mr. Bernstein has provided the Court with a proposed Order Granting the TRO, with the understanding that the  Respondents have actual knowledge of, and been sent a copy of the Emergency Petition, and that Respondents will be immediately, formally served with the signed Order, and with Summons and Petition.

Respectfully submitted, this 25 day of May, 2018

*Steven Bernstein*

**VERIFICATION**

I, Steven Bernstein, Pro per, am the Plaintiff in the above entitled matter and have personal knowledge to testify to the matters stated therein.  I have read the facts and allegations

and declare under penalty of perjury in and for the State of Georgia that the above is true and
correct to the best of my knowledge.

_Steven Bernstein_

Steven Bernstein , Pro per

5-25-2018

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

Steven Bernstein
_____
Plaintiff (s),

vs. Linda Finley, & other,
Donalson et al, McCalla Raymond
_____
Defendant (s).

CIVIL ACTION NO.: __18CV5627__

## REFERRAL TO ALTERNATIVE DISPUTE RESOLUTION PROGRAM

This action meets the requirements for referral to the DeKalb County Multi-Door Courthouse Resolution Center as set forth in this court's local rules of procedure. The Center is located at 106 E. Ponce de Leon Ave, Decatur, GA, It is hereby ordered that **both the plaintiff and defendant** will call the Center at **(404) 370-8194**, within **ten (10)** days of this order to participate in a confidential intake conference to learn about the benefits provided, explore alternative resolution options available, and screen for appropriateness. Completion and submission of the Center's General Civil or Domestic Intake Form will satisfy the contact provision of this order.

The Center must be notified of past violence or present concerns for safety. If an alternative dispute resolution session is scheduled, both parties are to attend and use their best efforts, in good faith, to resolve all issues raised in this case.

All parties in cases of divorce, modification, separate maintenance, visitation or change of custody, where the interest of a child under 18 years of age is involved, are **required to attend the Seminar for Divorcing Parents** (404-371-4953 for information), prior to a scheduled alternative dispute resolution session. The Center must be notified of any past violence or present concerns for safety.

So ORDERED this _____ day of _____, _____.

_____
JUDGE
Superior Court Of DeKalb County

Case type: General Civil _____, Divorce _____, Modification_____, Contempt_____, Other _____

Steven Bernstein, ProSe
_____
Name of Attorney or Plaintiff

_____
Address

_____

_____
Name of Attorney or Defendant

_____
Address

_____

IN THE SUPERIOR COURT OF DEKALB COUNTY
State of Georgia

Steven W. Bernstein,

Plaintiff

vs.

Linda Findley (individually and in her
professional capacities),

Baker, Donelson, Beaman, Caldwell &
Berkowitz, A Professional Corporation

Wells Fargo Bank, N.A,

McCalla Raymer Leibert Pierce, LLC

Defendants

CIVIL ACTION

NO. _____

## CERTIFICATE OF SERVICE

This is to certify that I have this day  Sept. 30.    2017, served the

Defendant in the foregoing matter with a copy of COMPLAINT FOR

DAMAGES, WRONFUL FORECLOSURE, AND EQUITABLE RELIEF

Plaintiff's Complaint by U.S. Mail as follows:

Linda Findley % Baker, Donelson, Beaman, Caldwell & Berkowitz

Wells Fargo Bank, N.A.

McCalla Raymer Leibert Pierce, LLC

FILED 5/25/2018 2:49 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
State of Georgia

| | |
|---|---|
| Steven W. Bernstein, | |
| Plaintiff | CIVIL ACTION |
| vs. | |
| Linda Findley (individually and in her professional capacities), | NO. ___18CV5627___ |
| Baker, Donelson, Beaman, Caldwell & Berkowitz, A Professional Corporation | |
| Wells Fargo Bank, N.A, | |
| McCalla Raymer Leibert Pierce, LLC | |
| Defendants | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day  Sept. 30.   2017, served the

Defendant in the foregoing matter with a copy of COMPLAINT FOR

DAMAGES, WRONFUL FORECLOSURE, AND EQUITABLE RELIEF

Plaintiff's Complaint by U.S. Mail as follows:

Linda Findley %  Baker, Donelson, Beaman, Caldwell & Berkowitz

Wells Fargo Bank, N.A.

McCalla Raymer Leibert Pierce, LLC

FILED 5/29/2018 12:18 PM CLERK OF SUPERIOR COURT DEKALB COUNTY GEORGIA

IN THE SUPERIOR COURT OF DEKALB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| STEVEN W. BERNSTEIN, | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| vs. | : | FILE NO.18CV5627-9 |
| | : | |
| LINDA FINDLEY, ET AL., | : | |
| | : | |
| Defendants. | : | |

### O R D E R

This case came to be heard on May 29, 2018 on Plaintiff Steven W. Bernstein's

("Plaintiff") Verified Emergency Petition for Temporary Restraining Order/Injunction and Ex

Parte Temporary Restraining Order. Upon consideration of the pleadings, the Court finds:

1.  Plaintiff has shown that immediate and irreparable injury, loss and damage will

    result to Plaintiff before Defendants or its attorney can be heard in opposition;

2.  Only the entry of a temporary restraining order will serve to adequately protect

    Plaintiff's legitimate rights and to prevent imminent and irreparable injury, loss

    and damage to Plaintiff; and

3.  The harm to Plaintiff, should this Court decline to grant Plaintiff's Emergency

    Motion, outweighs any harm that Defendants may incur in the event this court

    grants Plaintiff's Verified Complaint.

NOW IT IS THEREFORE ORDERED THAT Plaintiff's Emergency Motion for

Temporary Restraining Order and Ex Parte Temporary Restraining Order is GRANTED pursuant

to O.C.G.A. §9-11-65 (b), and the Defendants and all persons or entities acting on their behalf

are hereby temporarily restrained as follows until further Order of this court: Defendants, its

1

officers, agents, servants, employees, representatives, subsidiaries, affiliates, attorneys, and any

parties acting in active concert or participation with any of the foregoing are ordered to cease and

desist and otherwise refrain from selling the property located at 1428 Valley View Road,

Dunwoody, GA 30338, DeKalb County, Georgia on June 5, 2018.

IT IS HEREBY ORDERED that the Plaintiff and Defendants shall appear and show

cause before the appropriate non-jury division of the Court, before the Honorable Mark Anthony

Scott, at the Superior Court of DeKalb County on the 15th day of June, 2018 at 10:30 am in

Room 6Aas to why an interlocutory injunction should not be granted.

SO ORDERED this 29 day of _____, 2018 at 11:52 a.m./p.m..

VINCENT CRAWFORD, JUDGE
SITTING BY DESIGNATION FOR
MARK ANTHONY SCOTT, JUDGE
STONE MOUNTAIN JUDICIAL CIRCUIT

2

## AFFIDAVIT OF SERVICE

| | | |
|---|---|---|
| **State of Georgia** | **County of DeKalb** | **Superior Court** |

Case Number: 18-CV-5627-9

Plaintiff:
**STEVE W. BERNSTEIN**

vs.

Defendant:
**Linda Findley, Donelson, Beaman, Caldwell & Berkowitz, Wells Fargo Bank, N.A, McCalla Raymer Leibert Pierce, LLC N.A. Does 1-5**

For:

Received by BT Process Service on the 28th day of May, 2018 at 10:00 am to be served on **Wells Fargo Bank, N.A. c/o Registered Agent Corporation Service Company, 40 Technology Parkway South # 300, Norcross, GA 30092.**

I, Berhane Tassaw, being duly sworn, depose and say that on the **29th day of May, 2018 at 2:30 pm, I:**

served a **REGISTERED AGENT** by delivering a true copy of the **Summons, Verified Emergency Petition for Temporary Restraining Order/Injunction and EX Parte Temporary Restraining Order.** with the date and hour of service endorsed thereon by me, to: **Alisha Smith as Registered Agent** at the address of: **40 Technology Parkway South # 300, Norcross, GA 30092** on behalf of **Wells Fargo Bank, N.A.,** and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 40, Sex: F, Race/Skin Color: BLACK, Height: 5'8, Weight: 160, Hair: BROWN, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing. Affiant is appointed as process server by this court by attached order incorporated herein by reference.

Subscribed and Sworn to before me on the 3rd day
of June, 2018 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

**D BROWN
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES MAY 21, 2019**

_____
**Berhane Tassaw**
Process Server

**BT Process Service
4514 Chamblee Dunwoody Rd.
Ste 231
Atlanta, GA 30338
(404) 455-1603**

Our Job Serial Number: BTP-2018000030

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

**FILED 6/5/2018 12:28 PM Clerk of Superior Court DeKalb County**

## AFFIDAVIT OF SERVICE

**State of Georgia**                **County of DeKalb**                **Superior Court**

Case Number: 18-CV-5627-9

Plaintiff:
**STEVE W. BERNSTEIN**

vs.

Defendant:
**Linda Findley, Donelson, Beaman, Caldwell & Berkowitz, Wells Fargo
Bank, N.A, McCalla Raymer Leibert Pierce, LLC N.A. Does 1-5**

For:

Received by BT Process Service on the 29th day of May, 2018 at 11:50 am to be served on **Linda Findley,
3414 Peachtree Rd Suite 1600, Atlanta, GA 30326.**

I, Berhane Tassaw, being duly sworn, depose and say that on the **30th day of May, 2018 at 4:30 pm, I:**

**SUBSTITUTE** served by delivering a true copy of the **Summons, Verified Emergency Petition for
Temporary Restraining Order/Injunction and EX Parte Temporary Restraining Order.** with the date
and hour of service endorsed thereon by me, to: **Jonathan Green as Authorized to accept on behalf of
Linda Findley**, a person employed therein and authorized to accept service for **Linda Findley** at the
address of: **3414 Peachtree Rd Suite 1600, Atlanta, GA 30326**, the within named person's usual place of
**Work**, in compliance with State Statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing. Affiant is appointed as process server by this court by attached order incorporated
herein by reference.

Subscribed and Sworn to before me on the 3rd day
of June, 2018 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

**D BROWN
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES MAY 21, 2019**

_____
**Berhane Tassaw**
Process Server

**BT Process Service
4514 Chamblee Dunwoody Rd.
Ste 231
Atlanta, GA 30338
(404) 455-1603**

Our Job Serial Number: BTP-2018000029

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

## AFFIDAVIT OF SERVICE

State of Georgia                    County of DeKalb                    Superior Court

Case Number: 18-CV-5627-9

Plaintiff:
**STEVE W. BERNSTEIN**

vs.

Defendant:
**Linda Findley, Donelson, Beaman, Caldwell & Berkowitz, Wells Fargo
Bank, N.A, McCalla Raymer Leibert Pierce, LLC N.A. Does 1-5**

For:

Received by BT Process Service on the 28th day of May, 2018 at 10:00 am to be served on **McCalla
Raymer Leibert Pierce Llc, N.A. 1-5, 1544 Old Alabama Rd, Roswell, GA 30076.**

I, Berhane Tassaw, being duly sworn, depose and say that on the **29th day of May, 2018 at 3:50 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Verified Emergency Petition for
Temporary Restraining Order/Injunction and EX Parte Temporary Restraining Order.** with the date
and hour of service endorsed thereon by me, to: **Steven Flynn as Partner for McCalla Raymer Leibert
Pierce Llc, N.A. 1-5,** at the address of: **1544 Old Alabama Rd, Roswell, GA 30076,** and informed said
person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 45, Sex: M, Race/Skin Color: WHITE, Height: 5'9, Weight: 170, Hair:
BROWN, Glasses. N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process
Server, in good standing. Affiant is appointed as process server by this court by attached order incorporated
herein by reference.

Subscribed and Sworn to before me on the 3rd day
of June, 2018 by the affiant who is personally known
to me.

_____
NOTARY PUBLIC

D BROWN
NOTARY PUBLIC
DEKALB COUNTY, GEORGIA
MY COMMISSION EXPIRES MAY 21, 2019

**Berhane Tassaw**
Process Server

**BT Process Service**
**4514 Chamblee Dunwoody Rd.**
**Ste 231**
**Atlanta, GA 30338**
**(404) 455-1603**

Our Job Serial Number: BTP-2018000031

Copyright © 1992-2018 Database Services, Inc. - Process Server's Toolbox V7.2p

FILED 6/5/2018 12:28 PM Clerk of Superior Court DeKalb County

## AFFIDAVIT OF SERVICE

**State of Georgia**                    **County of DeKalb**                    **Superior Court**

Case Number: 18-CV-5627-9

Plaintiff:
**STEVE W. BERNSTEIN**

vs.

Defendant:
**Linda Findley, Donelson, Beaman, Caldwell & Berkowitz, Wells Fargo Bank, N.A, McCalla Raymer Leibert Pierce, LLC N.A. Does 1-5**

For:

Received by BT Process Service on the 28th day of May, 2018 at 10:00 am to be served on **Donelson, Beaman, Caldwell & Berkowitz, 3414 Peachtree Rd Suite 1600, Atlanta, GA 30326**.

I, Berhane Tassaw, being duly sworn, depose and say that on the **29th day of May, 2018 at 1:40 pm, I:**

served a **CORPORATION** by delivering a true copy of the **Summons, Verified Emergency Petition for Temporary Restraining Order/Injunction and EX Parte Temporary Restraining Order.** with the date and hour of service endorsed thereon by me, to: **Linda Klein** as Registered Agent for Donelson, **Beaman, Caldwell & Berkowitz**, at the address of: **3414 Peachtree Rd Suite 1600, Atlanta, GA 30326**, and informed said person of the contents therein, in compliance with state statutes.

**Description** of Person Served: Age: 55, Sex: F, Race/Skin Color: WHITE, Height: 5'5, Weight: 150, Hair: GRAY, Glasses: Y

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing. Affiant is appointed as process server by this court by attached order incorporated herein by reference.

Subscribed and Sworn to before me on the 3rd day of June, 2018 by the affiant who is personally known to me.

NOTARY PUBLIC

**D BROWN**
**NOTARY PUBLIC**
**DEKALB COUNTY, GEORGIA**
**MY COMMISSION EXPIRES MAY 21, 2019**

**Berhane Tassaw**
Process Server

**BT Process Service**
**4514 Chamblee Dunwoody Rd.**
**Ste 231**
**Atlanta, GA 30338**
**(404) 455-1603**

Our Job Serial Number: BTP-2018000032

Copyright © 1992-2014 Database Services, Inc. - Process Server's Toolbox V7.2p